UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-329-H

MARY M. ANDERSON                                                                       PLAINTIFF

V.

MARHSALLS OF MA, INC.                                                                  DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed this personal injury premises liability lawsuit in Jefferson Circuit Court on September 30, 2009. Defendant filed its Answer on October 31, 2009. Discovery commenced and on May 6, 2010, Defendant removed the case to this Court on the basis of diversity jurisdiction. Plaintiff now moves to remand, claiming that removal was untimely.

> 28 U.S.C. § 1446(B) reads,
>
> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Defendant readily admits that it did not remove within thirty days of the filing of the Complaint or service of process. Rather, it contends that a fair reading of the Complaint did not reveal that Plaintiff sought more than $75,000.00 as required for this Court to maintain diversity

jurisdiction. According to Defendant, it did not know, and could not reasonably have known, that Plaintiff sought such an amount prior to Plaintiff's deposition, which was taken on April 14, 2010.

Without doubt, Defendant is correct that a fair reading of the original Complaint does not evidence Plaintiff's intent to seek more than $75,000.00 in damages. Plaintiff's Complaint states only that she was injured when a lamp fell from a display at Defendant's store and struck her in the head. She alleges that she "was seriously injured and suffered great pain of body and mind, incurred medical expenses, lost income, and her ability to labor and earn money has been impaired." (Compl. ¶ 8.) Consistent with Kentucky practice, Plaintiff did not assert her actual monetary damages.[1]

The issue, then, is when Defendant was put on notice that Plaintiff would seek more than $75,000.00. In an unpublished opinion, the Sixth Circuit has held that "§ 1446(b) starts the thirty day period running from the date that a defendant has *solid and unambiguous* information that the case is removable." *Holston v. Carolina Freight Carriers Corp.*, 936 F.2d 573, 1991 WL 112809, at *3 (6th Cir. 1991) (Table opinion) (emphasis added).

Plaintiff contends that Defendant was put on notice of removability through the initial discovery process. On December 23, 2009, Plaintiff sent Defendant answers to its interrogatories. When asked what she claimed for (1) past medical expense, (2) future medical expense, (3) lost wages, (4) impairment of the power to labor and earn money, and (5) pain and

---

[1] There is, of course, a practical consideration in the Court's decision. If such a broad complaint as this one necessitated immediate removal, almost every complaint would. It is inadvisable to cause such a significant deluge of improvidently removed cases, many of which would likely be remanded. This is not to say that a complaint cannot put a defendant on notice where the injury is significant and known to the defendant, but a complaint such as this one clearly does not provide adequate notice.

suffering, Plaintiff claimed $5,607.62 in past medical expenses, no lost wages and an "unknown" amount for all other types of damages. Certainly, Plaintiff's answers to Defendant's interrogatories did not provide Defendant "solid and unambiguous information," *id.*, that Plaintiff would seek more than $75,000.00 for her injuries. It is hard to imagine a simple negligence case where a party with less than $6,000.00 in actual damages and no lost wages would seek more than $75,000.00.

Along with her answers to interrogatories, Plaintiff submitted numerous medical records. Among those records was a note from Plaintiff's treating physician dated 7/2/2009, which stated,

> Mary had her MRI done yesterday. I have that for my review. She continues to have left arm pain, numbness and tingling going into her small and ring fingers. I have reviewed the MRI. At C5-6 and C6-7 there is encroachment on the canal and cord with some cord changes. There is some buckling of the ligament and flavum posteriorly. I think this seems to be pretty clearly causing her symptoms. I will refer her to the Norton Anesthesia Group for a trial of cervical epidurals. I will see her back in my office about four weeks after those to see if it is helping. If it is not, I would consider sending her for spine surgery consultation.

Plaintiff argues that this note was sufficient to put Defendant on notice that she would be seeking more than $75,000.00 in damages. The Court disagrees. The mere possibility that the doctor "would consider . . . spine surgery consultation" if epidural shots did not improve Plaintiff's condition does not show that Plaintiff would seek more than $75,000.00. Moreover, the doctor's note indicates that such medical procedures would be done within four weeks. More than five months later, Plaintiff advised Defendant that she had only $5,607.62 in past medical expenses. Defendant could reasonably assume that the possibility raised by the doctor's note did not come to fruition.

Defendant deposed Plaintiff on April 14, 2010. When asked how much she was claiming for pain and suffering, she responded, "$75,000.00 to $300,000.00." (Pl.'s Dep. 105:10 -

3

106:20.) The Court finds that prior to this statement Defendant did not have "solid and unambiguous information" that the case was removable. *Holston*, 1991 WL 112809, at *3. Defendant timely removed within 30 days.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand is DENIED.

cc: Counsel of Record